WABASH RAILROAD COMPANY *v.* ADELBERT COLLEGE OF THE WESTERN RESERVE UNIVERSITY.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 40.   Petition for rehearing and motion to modify judgment.   Submitted January 31, 1908.—Decided March 9, 1908.

Petition for rehearing and motion to modify judgment in this case, *ante*, p. 38, denied and further held in this case that:

Where property is in possession and under the control of the Federal court, the declaration of a lien upon that property is a step toward the invasion of the court's possession thereof and is equally beyond the jurisdiction of the state court as an order for the sale of the property to satisfy the lien would be.

In a proceeding in the state court, the ascertainment of the amount due, whether judgment can be rendered, and the issuing of execution against a corporation, whose property is under the control of the Federal court, are questions exclusively for the state court and may be regarded as independent of the proceedings for the enforcement of the lien.

Where claims are presented for adjudication to the Circuit Court against property in its possession and there are conflicting decisions of the state and Federal courts as to the rights of the parties, the Circuit Court must first determine which decision it will follow. This court cannot pass upon that question until it is properly before it.

AFTER the decision in this case, reported 208 U. S. 38, the defendants in error petitioned for a rehearing and moved, if that were denied, that the judgment be modified. The substance of the motion was stated by counsel to be that the judgment should be modified "by specifically directing that the Supreme Court of Ohio affirm so much of the judgment of the Circuit Court of Lucas County, Ohio, as finds and adjudicates the rights of these defendants in error, and each of them,

against the property and parties in said cause, as set forth in the judgment entry, respecting the equities of the cause and right of recovery, the ownership and the lien of the equipment bonds, and the sums due thereon to the parties, respectively, with interest and costs; and by further specifically directing that said Ohio Supreme Court reverse the judgment of said Circuit Court so far as it directs a seizure and sale of the property held by the plaintiff in error in Ohio and affected by such lien, and limit the rights of the defendants in error to the recovery on such modified judgment in the Federal Circuit Court found by this court to have jurisdiction of the property."

*Mr. Rush Taggart* for plaintiff in error, in opposition to the petition and motion.

*Mr. John W. Warrington, Mr. John C. F. Gardner, Mr. Thomas P. Paxton, Junior,* and *Mr. Murray Seasongood* for defendant in error, in support of the petition and motion.

Mr. Justice Moody, after making the foregoing statement, delivered the opinion of the court.

In the original decision of this cause we treated the proceeding in the state court as one whose sole direct purpose was to procure a sale of the railroad property in satisfaction of the lien which the holders of the equipment bonds asserted against it. We assumed that the judgment of the state court was one for the sale of the property, and that the adjudication of the amounts due the plaintiffs below, and of the existence of the lien claimed, were merely incidental and preliminary to the judgment ordering the sale. Believing, for the reasons given in the opinion, that such a judgment was beyond the jurisdiction of the state court, we reversed it. That such a conception of the proceeding and judgment was not unnatural or strained appears quite clearly from a passage in the brief of the learned counsel for the defendant in error filed in support of this motion. There it is said: "No one can read the

foregoing abstract of the petition, or the petition itself, without observing its purpose to set up the lien of the equipment bonds with all other liens, also, to have the amount found due on the equipment bonds sued on and to enforce payment through sale of the property, subject only to. the liens of the two prior Ohio mortgages and two prior Indiana mortgages; also, to have an accounting and marshalling of liens and a distribution of the proceeds. Plainly then the action contemplated the ultimate seizure and sale of all the property now in question, subject only to two underlying mortgage liens."

It is, however, urged that the judgment of the court below should be directed to stand so far as it found the amount due to the several plaintiffs in respect of the equipment bonds held by them, and so far as it declared that those bonds were entitled to a lien upon the property to secure payment. But, after renewed consideration of the cause, we decline to modify our general judgment of reversal. For the purpose, however, of avoiding misunderstanding and in the hope that this prolonged litigation may be hastened to an end, we think it fitting, without extended discussion, to add a few observations to what was said in the former opinion.

1. The declaration of a lien on the property is a step toward the invasion of its possession, which we have held to be beyond the jurisdiction of the state court. It was sought, not for itself, since it would have no significance except as a basis for the order of sale of the property affected by it, but only as an essential part of the order itself. The declaration of the lien must stand or fall with the order of sale, and is, therefore, with that order, beyond the power of the state court.

2. The ascertainment of the amount due to the plaintiffs and the issue of an execution against the Toledo, Wabash and Western Railway Company may be regarded as independent of the proceedings for the enforcement of the lien. Whether such a judgment can be rendered upon a proceeding of this nature (*Giddings* v. *Barney*, 31 Ohio St. 80) is a question exclusively for the state court.

3. If the claims of the defendant in error should be presented to the Circuit Court of the United States the question would arise whether that court, in determining the rights of the bondholders against the property, should follow the decision of this court (*Wabash, St. Louis & Pacific Railway Co.* v. *Ham*, 114 U. S. 587), or the decision of the state court (*Compton* v. *Railway Company*, 45 Ohio St. 592). That question is not here, has not been argued by counsel, and we cannot now properly decide it. We do not express or intimate any opinion upon it. It must in the first instance be passed upon by the Circuit Court.

The petition for rehearing and the motion to modify the judgment are

*Denied.*