SOMMERVILLE, J.
A clear understanding of the question before the court will be aided by a relation of the facts out of which the litigation arises. Plaintiff is the holder and owner of a certain promissory note bought from James J. Woulfe, at the time a notary public in the city of New Orleans, which note was secured by vendor’s lien and privilege on a certain piece of property described in the petition where the act of sale contained the pact de non alienando. The sale was made by Samuel W. Penot to William H. Fischer, for $4,500. Penot declared in the act of sale that he had received $2,000 cash and the note of the defendant for the balance, $2,500. At the time of the purchase of said note by Loeb, the plaintiff, Fischer appeared before a notary public and made affidavit' that he was -the owner of the property involved at that time, that he had subscribed his name to the note then being transferred and which was paraphed ne varietur to identify it with an act of sale passed before James J. Woulfe, notary public, on August 20, 1912. James J. Woulfe was present at the time that Fischer made the affidavit referred to, and he then and there sold the note to plaintiff for $2,500. Plaintiff was represented at the time of the purchase of the note by his attorney.
February 27, 1913, James J. Woulfe was^ adjudged a bankrupt, and he surrendered to the bankrupt court ten different pieces of property standing in the names of others, among which was that in the name of William H. Fischer, which piece of property is involved in this litigation. July 8, 1913, William H. Fischer went before a notary public and declared that the property was in his name at the request and for the convenience of James J. Woulfe, and he then and there transferred said property to the trustee in bankruptcy of the said Woulfe for the benefit, of the creditors of Woulfe; and the trustee in bankruptcy accepted title and took possession of said property.
October 10, 1913, this suit was brought by Loeb against William H. Fischer and the trustee of the bankrupt, James J. Woulfe, to have the transfer by Fischer to the trustee of the bankrupt, Woulfe, decreed null and void; for judgment against Fischer for $2,500 with interest, with recognition of vendor’s lien and privilege against the property, asking that it be sold for the satisfaction of the note, which had then matured, and that defendants be estopped from denying the property to be that of William H. Fischer, and that the note sued upon was the identical note described in the act of sale before Woulfe, notary, on August 23, 1912, and signed by said Fischer.
• There was judgment in favor of plaintiff and against William H. Fischer, as prayed for, from which no appeal has been taken, and there was further judgment in favor of the trustee of the bankrupt, Woulfe, sustaining an exception to the jurisdiction of the court, from which judgment the plaintiff has appealed.
The only question presented by the exception and passed upon by the trial court was as to the jurisdiction of the civil district court for the parish of Orleans.
It is unnecessary to review the arguments, both oral and printed, which were presented by' counsel on the scope of the bankruptcy statute. Woulfe was adjudged a bankrupt February 27, 1913, and he surrendered the -property here involved to the district court *135 of the United States for the Eastern District of Louisiana, New Orleans Division, and that was followed by a formal renunciation by Fischer to the trustee in bankruptcy of Woulfe, July 8, 1913, wherein he declared Woulfe to be the real owner, and transferred the title he held to said trustee. The property was then in the lawful possession and custody .of the trustee in bankruptcy, and of the bankruptcy court, which representative and substitute he was. Being thus in the custody of a court of the United States the property cannot be taken out of that custody by any process in a state court. It is an established' principle that when the court of bankruptcy, through the acts of its officers, such as referees, receivers, or trustees, has taken possession of a res, as the property of a bankrupt, it has an ancillary jurisdiction to hear and determine the adverse claims of strangers to it, and that its possession cannot be disturbed by process of another court. Murphy v. John Hofman Co., 211 U. S. 562, 29 Sup. Ct. 154, 53 L. Ed. 327.
Plaintiff has cited the trustee of the bankrupt Woulfe, as defendant, and has declared that the property is in the hands of said trustee. He has thereby shown, at the commencement of the action, that the right of X>ossession of the property involved is in the United States court, and not in the possession of Fischer, the other defendant.
When a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The latter courts, though of concurrent jurisdiction, are without power to render any judgment which invades or disturbs the possession of the property while it is in the custody of the court which has seized it. For the purpose of avoiding injustice which otherwise might result, a court during the continuance of its possession as incident thereto and as ancillary to the suit in which the possession was acquired, has jurisdiction to hear and determine all questions respecting the title, the possession, or the control of the property. .In the courts of the United States this incidental and ancillary jurisdiction exists, although in the subordinate suit there is no jurisdiction arising out of diversity of citizenship or the nature of the controversy. Those principles are of general application, and not peculiar to the relations of the courts of the United States to the courts of the states; they are, however, of especial importance with rdspect to the relation of those courts which exercise independent jurisdiction in the same territory, often over the same property, persons, and controversies; they are not based upon any sui>posed superiority of one court over the others, but serve to prevent a conflict over the possession of property, which would be unseemly and subversive of justice. Wabash Railroad v. Adelbert, 208 U. S. 609; 28 Sup. Ct. 425, 52 L. Ed. 642.
The demands of plaintiff that the property involved in this case be seized and sold by the civil sheriff of the parish of Orleans for the satisfaction of the vendor’s lien note sued upon in this cause would be, if entertained, an unlawful invasion of the possession of the court of bankruptcy, which is in possession of the property and which holds it for the benefit of Woulfe, the bankrupt, and his creditors.
Judgment affirmed.