FIRST TRUST & SAVINGS BANK et al. v. BITTER ROOT VALLEY IRR. CO. et al.

(District Court, Montana.   October 16, 1916.)

No. 71.

BANKRUPTCY ☞296—RETENTION OF JURISDICTION BY FEDERAL COURT.

Defendant irrigation company was adjudicated a voluntary bankrupt, and bondholders' trustees, by leave, commenced suit in the District Court to foreclose the security on certain of its property in the possession of its trustee, making defendants the bankrupt, the trustee, and certain persons alleged to assert claims inferior to plaintiffs'.   Such persons answered that more than four months prior to initiation of bankruptcy proceedings they had commenced suit in a state court, and alleged that by virtue of contracts, in which the bankrupt was vendor and they were vendees, all the property was impressed with a trust and lien in their behalf superior to plaintiffs', and that a receiver was necessary to take possession to effectuate the trust and lien, further answering that plaintiffs and the bankrupt were made defendants and appeared in the suit, and praying that the District Court, in recognition of comity, suspend proceedings until the state court should determine the suit, and, if and when the state court should appoint a receiver, that the District Court surrender the property to him.   *Held*, that plaintiffs' motion to strike the defense will be granted, since where jurisdictions are not concurrent and co-ordinate, where that of one is exclusive, the court first obtaining actual possession of the res is entitled to proceed, while the situation was unaffected by the foreclosure proceedings and appointment of the trustee as receiver, since the court was the same, its possession unchanged, and the foreclosure ancillary and dependent.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414;   Dec. Dig. ☞296.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the First Trust & Savings Bank and others against the Bitter Root Valley Irrigation Company and others. On plaintiffs' motion to strike a defense. Motion granted.

Garrard B. Winston and Winston, Payne, Strawn & Shaw, all of Chicago, Ill., and Henry C. Stiff, of Missoula, Mont., for appellant.

D. S. Wegg, of Chicago, Ill., Geo. T. Baggs, of Stevensville, Mont., and R. F. Gaines, of Butte, Mont., for defendants Knudsen.

BOURQUIN, District Judge. Defendant company in this court was adjudicated a voluntary bankrupt, and the appointed trustee took possession of its property. Plaintiffs, bondholders' trustees, by leave commenced this suit to foreclose the security on certain of said property, making defendants the bankrupt, the trustee, and certain persons alleged to assert claims, but inferior to plaintiffs', to the property.

Herein the bankrupt's trustee was appointed receiver, and as such possesses the property. Said certain persons answered that more than four months prior to initiation of bankruptcy proceedings they had commenced suit in a court of this state, wherein they allege that, by virtue of land and water contracts in which the bankrupt was vendor and they were vendees, all said property is impressed with a trust and lien in their behalf and superior to that of plaintiffs, and that a receiver is necessary to take possession of said property to effectuate the trust and lien. They further answer that the plaintiffs and bankrupt were made defendants and appeared in said suit. The prayer is that this court, in recognition of comity, suspend proceedings until the state court has determined said suit, and, if and when the state court appoints a receiver, that this court surrender the property to him. Plaintiffs move to strike the aforesaid defense. Granted.

The suit in the state court is to determine rights asserted by some creditors of the bankrupt in and to some of the latter's property. The proceedings in this court in their entirety are to determine the rights of all creditors of the bankrupt in and to all the latter's property. Of some of the matters involved herein the state court has no jurisdiction, exclusive jurisdiction thereof being in this court, finding origin in the constitutional provision for bankruptcy. These latter cannot be fully adjusted without adjustment of those asserted in the state court, and it makes for convenience, speed, and justice to have the whole dealt with by one court. The rule of comity yields thereto. It is believed the rule of Moran v. Sturges, 154 U. S. 284, 14 Sup. Ct. 1019, 38 L. Ed. 981, applies, viz. that where the jurisdictions are not concurrent and co-ordinate, where that of one is exclusive, the court first obtaining actual possession of the res is entitled to proceed. And, having possession and jurisdiction, the property is withdrawn from the jurisdiction of all other courts, this court to hear and determine all questions relating to title, possession, and control of the property. See Murphy v. John Hofman Co., 211 U. S. 568, 29 Sup. Ct. 154, 53 L. Ed. 327; Wabash Ry. Co. v. College, 208 U. S. 38, 611, 28 Sup. Ct. 425, 52 L. Ed. 642.

It will be noted that in the first case cited herein the state court had appointed a receiver before the federal court took possession of the

property, and in the last case cited the suit in the former court to foreclose a claim of lien had been commenced before the suit in the latter court was instituted and possession taken of the property. And in both it was held the federal jurisdiction prevailed.

Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, is the reverse of the instant case. The situation herein is not affected for that foreclosure proceedings are permitted by the court in bankruptcy and a receiver appointed. The court is the same, its possession is unchanged, and the foreclosure is but ancillary and dependent—more for convenience than aught else. See Bear Gulch, etc., Co. v. Walsh (D. C.) 198 Fed. 352, and cases therein cited.

NOTE.—The trial judge denied appeal, holding that an order correcting pleadings is not a "final decision" and so can be reviewed on appeal after final decree, though more than six months after the order. Justice Hunt, being of contrary view, allowed appeal, now pending.