PACIFIC COAST PIPE CO. v. CONRAD CITY WATER CO. et al.

(District Court, D. Montana.   October 19, 1916.)

No. 55.

1. COURTS ⬚280—JURISDICTIONAL QUESTIONS—PRESENTATION.

In a suit in the federal District Court, alleging that an attachment against a water company sued out in such court was fruitless, and seeking to have such attachment adjudged to be prior to a mechanic's lien, suit to foreclose which was brought by one of the defendants in a state court, in which suit a receiver was appointed, who took possession of the attached property, questions as to whether the jurisdiction of the state court excluded that of the federal District Court should have been presented to the latter court in limine.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818;  Dec. Dig. ⬚280.]

2. COURTS ⬚280—JURISDICTION—WAIVER.

In such suit, questions as to whether the proceeding in the state court precluded the jurisdiction of the federal court could not be waived, since, even if the parties consented, the court would not knowingly invade the jurisdiction of another court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818;  Dec. Dig. ⬚280.]

3. CORPORATIONS ⬚469—ATTACHMENT—PRIORITY—INVALID BONDS.

In such suit, plaintiff's attachment and judgment were entitled to priority over the defendant company's bonds, invalid because issued to secure pre-existing debts, in violation of the provision of Const. Mont. art. 15, § 10, that no corporate bonds shall issue, except for labor done, services performed, or money or property actually received.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1832;  Dec. Dig. ⬚469.]

4. COURTS ⬚500—JURISDICTION OF STATE COURT—POSSESSION OF RECEIVER.

Although a mechanic's lien against a water company was a fiction, and the foreclosure thereof and of a trust deed and a receivership were for ulterior purposes, the suit was within the state court's equity jurisdiction, and it might lawfully, though improvidently, appoint a receiver; but if the receivership was void, and the receiver was appointed without jurisdiction, his possession would not be that of the state court, and would not affect the jurisdiction of the federal court in a suit involving the property.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408;  Dec. Dig. ⬚500.]

5. COURTS ⬚509—JURISDICTION OF STATE COURT—REVIEW.

The sufficiency of the complaint and the evidence before the state court, in a proceeding to foreclose a mechanic's lien and a trust deed to secure bonds and for a receivership, cannot be questioned in the federal court in a suit involving priorities against the same property, but only in the court empowered to review the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1364–1371;  Dec. Dig. ⬚509.]

6. COURTS ⬚501—JURISDICTION OF FEDERAL COURT—SUIT AGAINST STATE RECEIVER.

Where the state court's appointment of a receiver was valid, a suit in the federal court against the receiver, without leave of the state court, is a trespass against that court, upon which no right can be founded, and will not be entertained by the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1409;  Dec. Dig. ⬚501.]

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

237 F.—43

7. COURTS ⬅️500—CONFLICTING JURISDICTION—POSSESSION OF PROPERTY—RE-CEIVERSHIP.

Where a receivership in a suit against a water company to foreclose a mechanic's lien merged in a foreclosure suit by the trustee in a trust deed to secure the company's bonds and for a receivership, without interregnum in the state court's possession of the property, in which a pending suit in the federal court could attach, the state court was vested with optional exclusive jurisdiction to hear and determine all matters affecting title, possession, and control of the property.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408; Dec. Dig. ⬅️500.]

8. COURTS ⬅️497—CONFLICTING JURISDICTION—POSSESSION OF PROPERTY—EFFECT OF ATTACHMENT.

An attachment of a water company's realty by filing notice thereof with the recorder of the county of the realty's situs created but a lien for security to pay the judgment, and did not draw the realty into the federal court's custody, and was no barrier to other liens and to an actual seizure by the state court in a subsequent receivership proceeding therein.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1386, 1397, 1398, 1404–1406; Dec. Dig. ⬅️497.]

In Equity. Suit by the Pacific Coast Pipe Company against the Conrad City Water Company and others. Decree for defendants.

Day & Mapes, of Helena, Mont., for plaintiff.

O. W. McConnell, of Helena, Mont., and J. A. McDonough, of Great Falls, Mont., for defendants.

BOURQUIN, District Judge. In this court in a law action in personam plaintiff procured an attachment of the defendant water company's realty, and recovered judgment against said defendant for $9,000. It brings this suit, alleging that execution upon said judgment was fruitless, in that, intermediate judgment and execution, a suit against said defendant was brought in a court of this state to foreclose a mechanic's lien for $54.70, wherein allegations of insolvency, chaos, and probable damage to the lien claimant were made, resulting in the appointment of a receiver of all said defendants' property; the receiver then and at all times hitherto being in possession thereof. Other allegations are that the mechanic's lien is invalid or inferior to plaintiff's attachment, that the complaint therein was not sufficient to confer jurisdiction upon the state court to appoint a receiver, that the foreclosure suit was of a scheme to hinder and delay satisfaction of plaintiff's judgment, and that plaintiff's attachment and judgment are entitled to priority over a pre-existing $80,000 bond issue of said defendant, security for its debts. The plaintiff in the foreclosure suit, the receiver, the trustee in the trust deed securing the bonds, a trustee holding the bonds, and the latter's beneficiaries are joined as defendants herein. The prayer is a decree establishing priority of said attachment and judgment, a receiver, and further relief.

Defendants deny lack of jurisdiction in the state court, deny invalidity and inferiority of the mechanic's lien, deny the alleged scheme, deny priority of plaintiff's attachment and judgment over the bond issue, and allege that subsequent to this suit the trustee in the trust deed

in that behalf intervened in the mechanic's lien suit, and at the same time, in the same court, sued to foreclose the trust deed, joining this plaintiff as defendant, wherein the court extended the existing receivership to the latter suit, that by reason thereof the state court has "exclusive jurisdiction of all the affairs and assets" of the water company, and that the instant suit should abate for that it was instituted against the receiver without leave of the state court.

[1, 2] These jurisdictional questions should have been presented to the court in limine, but were not, and the suit has been tried on the merits. They have not been and could not be waived, in that, even if parties consent, a court will not knowingly invade the jurisdiction of another court. As these issues of jurisdiction are determined against plaintiff, the·merits will be noticed no further than they ought to be under the circumstances and for possible review.

[3] Briefly, the aforesaid allegations of the complaint are found to be true, and plaintiff's attachment and judgment are entitled to priority over the bonds for that the latter are invalid, having been issued and now and at all times held to secure pre-existing debts, in violation of the Constitution of this state (article 15, § 10), wherein the water company is incorporated, that no· corporate bonds shall issue "except for labor done, services performed, or money, and property, actually received." See Chavelle v. Trust Co., 226 Fed. 408, 141 C. C. A. 230; In re Paper Corp., 229 Fed. 489, 143 C. C. A. 557.

[4] If this state court receivership is void, if the receiver was appointed without jurisdiction, his possession would not be that of the state court and would not affect jurisdiction herein. See Hammock v. Trust Co., 105 U. S. 86, 26 L. Ed. 1111.

But, although the mechanic's lien appears a fiction, and the foreclosure and receivership for ulterior purposes, the suit was within the state court's equity jurisdiction, and wherein a receiver could be lawfully, even if improvidently, appointed.

[5] The otherwise sufficiency of the complaint and the evidence before the state court cannot be questioned here, but only in a court having power to review the state court, which this court has not. See Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660; McKinney v. Landon, 209 Fed. 303, 126 C. C. A. 226.

[6] The appointment was valid, and since a suit against the receiver, without leave of the state court, is a trespass against said court, upon which no right can be founded, this court will not entertain it. See Porter v. Sabin, 149 U. S. 480, 13 Sup. Ct. 1008, 37 L. Ed. 815.

[7] The receivership in the lien suit merged in that of the bond suit, and if the former suit is questionable in scope or jurisdiction, the latter is not; and the merger was without interregnum in the state court's possession of the property in which the instant suit could attach. It is settled·beyond controversy that for obvious reasons, when property is in custodia legis, the court in possession is .vested with optional exclusive jurisdiction to hear and determine all controversies affecting title, possession, and control of the property. Unless it consents to exercise of like jurisdiction by other courts, they are without such jurisdiction. Palmer v. Texas, 212 U. S. 129, 29 Sup. Ct. 230,

53 L. Ed. 435; Murphy v. Company, 211 U. S. 569, 29 Sup. Ct. 154, 53 L. Ed. 327; Wabash Ry. v. College, 208 U. S. 54, 28 Sup. Ct. 182, 52 L. Ed. 379; Id., 208 U. S. 611, 28 Sup. Ct. 425, 52 L. Ed. 642.

[8] Plaintiff's attachment of the water company's realty, by filing notice thereof with the recorder of the county of the realty's situs, created but a lien for security to pay the judgment. See Rounds v. Foundry, 237 U. S. 308, 35 Sup. Ct. 596, 59 L. Ed. 966. It did not draw the realty into this court's custody and was no barrier to other liens and actual seizure by other courts. It is no more potent than a judgment lien, and even levy of execution upon land, without possession, does not bring the land in custodia legis, does not disable another court from subsequent receivership over it; and, such receivership had, a sale upon such levy is void. Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Heidritter v. Elizabeth Co., 112 U. S. 303, 5 Sup. Ct. 135, 28 L. Ed. 729. Hence said attachment did not disable the state court to appoint, and possess the property by, a receiver.

This court is without jurisdiction, and decree for defendants.