PACIFIC COAST PIPE CO. v. CONRAD CITY WATER CO. et al.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1917.)

No. 2937.

1. COURTS ⊂⊃497—CONFLICTING JURISDICTION—PROPERTY IN CUSTODY OF THE LAW.

In a suit in personam in a federal court, where plaintiff attached land as an auxiliary remedy only to provide security for the payment of the judgment, by posting and filing notices as provided by state statute, without taking actual possession, the attachment did not bring the land into the custody of the law, so as to prevent an actual seizure of the land by the state courts.

2. CORPORATIONS ⊂⊃559(2)—APPOINTMENT OF RECEIVER—COLLATERAL ATTACK.

Rev. Codes Mont. § 6698, authorizes the appointment of a receiver in an action to foreclose a mortgage under certain circumstances, in cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights, or in other cases under the usages of courts of equity. A bill of complaint against a water company set up a small mechanic's lien on the property, and alleged that the company was charged with the duty of supplying water to a town and its inhabitants; that its property was subject to a trust deed, and it was otherwise indebted in a sum exceeding its assets; that it was insolvent, and conceded its inability to operate its water system, and was without money

to continue such operation; that it was essential to the well-being of the town and its inhabitants that the system be operated; that to shut down the plant would seriously injure it, and impair plaintiff's security and the value of the assets applicable to the payment of creditors generally, and subject the company to numerous suits; that the immediate expenditure of money was imperative; and that the company was without credit, and its affairs in a chaotic condition. *Held*, that the court had jurisdiction to appoint a receiver, and its appointment of a receiver was not open to collateral attack, though plaintiff's lien was trivial, or even fictitious, and though the other conditions exhibited by the bill were fanciful or grossly exaggerated.

Appeal from the District Court of the United States for the District of Montana; Geo. M. Bourquin, Judge.

Suit by the Pacific Coast Pipe Company against the Conrad City Water Company and others. From a judgment dismissing the bill (237 Fed. 673), plaintiff appeals. Affirmed.

E. C. Day and Thomas A. Mapes, both of Helena, Mont. (Kerr & McCord, of Seattle, Wash., of counsel), for appellant.

O. W. McConnell, of Helena, Mont., and J. A. McDonough, of Great Falls, Mont., for appellees.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. On November 3, 1913. the plaintiff and appellant herein sued out a writ of attachment in an action which it had brought in the United States District Court in Montana against the defendant Conrad City Water Company, and caused the same to be levied upon certain real property belonging to the defendant, by posting and filing notices in the manner provided by the state statutes. In due course, namely, upon July 2, 1914, judgment was entered in favor of the plaintiff for approximately $10,000. Thereafter, in March, 1915, and before the plaintiff took out a writ of execution, one of the defendants here, the Conrad Mercantile Company, brought suit in the state district court to foreclose a mechanic's lien for $54.70, and upon a showing that the Water Company was insolvent, and its affairs in a chaotic condition, a receiver was appointed to take charge of all of its property. The receiver so appointed is still acting, and still has possession of all the Water Company's property, including that levied upon by the plaintiff in the attachment suit.

The plaintiff, claiming that the mechanic's lien, if valid at all, is subject to its attachment lien, and that a trust deed executed and recorded in 1910, covering the property in question, is void, brought this suit in May, 1915, for the purpose of having the superiority of its lien adjudicated. With the Water Company there are joined as defendants the plaintiff in the foreclosure suit, the receiver, the trustee named in the trust deed, and the holder of the bonds secured thereby. Subsequently the trustee named in the trust deed appeared in the foreclosure case pending in the state court, and by cross-bill prayed for a foreclosure of the security, and upon his application the receivership was extended to the case made by the cross-bill. So that suit stood when this cause was tried. The court below, though holding that

the trust deed was void and the mechanic's lien was apparently a fiction, concluded that by reason of the pendency of the foreclosure suit it was without jurisdiction, and accordingly dismissed the bill.

[1] Plaintiff's attachment proceedings did not operate to bring the attached land into custodia legis. Wiswall v. Sampson, 14 How. (55 U. S.) 52, 65, 14 L. Ed. .322; State of Georgia v. Jesup, 106 U. S. 458, 1 Sup. Ct. 363, 27 L. Ed. 216; In re Hall & Stilson Co. (C. C.) 73 Fed. 527. Beardslee v. Ingraham, 183 N. Y. 411, 76 N. E. 476, 3 L. R. A. (N. S.) 1073, is cited contra, but in so far as it is in point it is thought to be in conflict with the Wiswall-Sampson Case. The court did not take actual possession. The lien was effected by the filing of notices, and is analogous to—certainly not of greater dignity than— a judgment lien. Actual seizure by other courts was not thereby barred. The suit was essentially in personam, the attachment being an auxiliary remedy only, to provide security for the payment of such personal judgment as might be recovered.

[2] The property being subject to seizure by the state court under due process, it remains only to consider whether or not the receivership proceedings were void for want of jurisdiction, for of course it is conceded that, if the receiver is lawfully in possession, he cannot be sued or his possession disturbed without the consent of the state court. Wabash Ry. Co. v. College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379, on rehearing 208 U. S. 609, 28 Sup. Ct. 425, 52 L. Ed. 642. Section 6698 of the Revised Codes of Montana provides that a receiver may be appointed by the court in which an action is pending in the following, among other, cases:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property, where it appears that the mortgaged property is in danger of being lost, removed, or materially injured, or that the condition of the mortgage has not been performed, and that the property is probably insufficient to discharge the mortgage debt. * * * In cases when a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights. In all other cases where receivers have heretofore been appointed by the usages of courts of equity."

The bill of complaint in the cause in which the receiver was appointed exhibited a claim, apparently made in good faith, that the plaintiff held a small mechanic's lien upon the property of the Conrad City Water Company. It was further shown that the debtor was a public service corporation, charged with the duty of supplying water to the town of Conrad and its inhabitants; that for this purpose it had constructed and owned a system of water mains and service pipes, and a pumping plant, by which the water was supplied; that its property was subject to a trust deed securing an issue of bonds in the amount of $80,000, and that it was indebted to various persons in the aggregate sum of $96,000, while the value of all of its assets was less than $60,000; that it was absolutely insolvent, and conceded its inability to care for or to continue to operate its water system, and was without money to continue such operations; that not only was it essential to the well-being of the town of Conrad and its inhabitants that the system be continuously operated, but that if the plant should be shut down it would be seriously injured, with the result that the plain-

tiff's security, and the value of the assets applicable to the payment of creditors generally, would be seriously impaired; and, further, that unless the plant was kept in operation the Water Company would be subjected to numerous suits. It was specifically represented that the necessity for the immediate expenditure of at least $1,000 was imperative, and that still other expenditures must follow in the near future, and that the company was wholly without credit, and that generally its affairs were in a chaotic condition. To this complaint the Water Company appeared, admitted its insolvency, conceded the validity of plaintiff's claim, and in effect joined in the prayer for a receiver.

It is thought that by such a record the application for the appointment of a receiver was clearly brought within the court's jurisdiction. Indeed, even if no lien had been asserted, but only an unsecured contract debt, there would have been a prima facie case for the appointment of a receiver. Re Metropolitan Railway Receivership, 208 U. S. 90, 28 Sup. Ct. 219, 52 L. Ed. 403. Upon the showing made, the failure of the court to take possession of the property would have resulted in confusion among creditors, sacrifice of property, and the most distressing inconvenience to the people of Conrad, dependent, as they were, for water, upon the debtor's system. In that the plaintiff's claim was supported by a lien upon specific property, its position was not less, but more, favorable than that of a general creditor. It could with propriety ask the court to protect its security against the waste or impairment which would necessarily result from a failure to operate the plant. It is quite aside from the question to suggest that the lien claim was trivial, or even that it was fictitious, or that the other conditions exhibited by the bill were either fanciful or grossly exaggerated. We are discussing the power of the court to act, not the wisdom of its action. If the state court erred in its findings of fact or its conclusions of law, or improvidently exercised its discretion, those are considerations for an appellate court; with them we are not concerned. On the face of the record the court had jurisdiction, and in a collateral attack upon its judgment we are not at liberty to inquire further.

The judgment will be affirmed, with costs to appellees.