No. ——

First Circuit

——

CEFALU v. SCOTT NORRIS & COMPANY

——

(June 26, 1926, Opinion and Decree)

——

(*Syllabus by the Editor.*)

1. Louisiana Digest—Bankruptcy—Par. 26.
The courts of this state have no jurisdiction or right to interfere with the possession and control of property which has been lawfully vested in a bankruptcy court.

Appeal from the Parish of Tangipahoa, Hon. Columbus Reid, Judge.

Action by Nicholas Cefalu against Scott Norris & Company. There was judgment for defendant for want of jurisdiction. Plaintiff appealed.

Judgment affirmed.

Reid and Blache, of Amite, attorneys for plaintiff, appellant.

Charles Elliott, of Amite, attorney for defendant, appellee.

LECHE, J.   Plaintiff in this suit has seized and sequestered two checks payable to and in the possession of the defendant. At the time of the seizure, the defendant domiciled in the State of New York, had gone into bankruptcy, its assets placed in the hands of a trustee and the trustee had forwarded the checks to Mr. Charles Elliott, an attorney, residing in the parish of Tangipahoa in this state, for collection. The checks were then admittedly under the control of a bankruptcy court in the State of New York. But the courts of this state have no right to interfere with the possession and control of property which has been lawfully vested in a bankruptcy court. Loeb vs. Fisher, et al., 137 La. 132. It is therefore apparent that the seizure and sequestration of the two checks has been wrongfully obtained.

The judgment of the trial court setting aside the seizure and sequestration and refusing the demand of plaintiff for want of jurisdiction should be affirmed, and it so ordered.