**Edna M. FAUCI, Defendant, Appellant,**

v.

**Edwin F. HANNON, Jr., Receiver, et al., Appellees.**

**Frances C. DENEHY, Defendant, Appellant,**

v.

**Edwin F. HANNON, Jr., Receiver, et al., Appellees.**

**Nos. 5594, 5595.**

United States Court of Appeals
First Circuit.

Feb. 24, 1960.

---

236

Vincent Mottola, Boston, Mass., for Edna M. Fauci, appellant.

Joseph A. Todisco, Boston, Mass., with whom Nedio E. Barrasso and William H. Lewis, Jr., Boston, Mass., were on brief, for Frances C. Denehy, appellant.

Thomas E. Goode and George C. Caner, Jr., Asst. U. S. Atty., Boston, Mass., with whom Elliot L. Richardson, U. S. Atty., Boston, Mass., was on brief, for Edwin F. Hannon, Jr., Receiver, and United States of America, appellees.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In 1955 an action in the nature of a bill to reach and apply was brought in the district court for the District of Massachusetts by the United States against Charles M. Fauci Co., Inc., and Charles M. Fauci, hereinafter called taxpayers, and a number of other defendants, including the present appellants Edna M. Fauci, hereinafter called Fauci, and Frances C. Denehy. The complaint alleged that deficiencies had been assessed against the taxpayers, creating tax liens in favor of the United States on taxpayers' property and rights to property; that the taxpayers were insolvent during the taxable years in question and subsequently; that appellants and other defendants had received certain property from taxpayers without giving adequate consideration therefor; that the taxpayers were entitled to the return of such property; and "that by virtue of its liens upon all property or rights to property of [taxpayers] * * * the United States is entitled to such property, or its proceeds, in the hands of the [appellants and] other defendants * * * [and]

is further entitled to the benefits of all other rights and claims * * * [taxpayers] may have against such * * * defendants * * *." Among the property described in the complaint was real estate located at 139–141 Mystic Avenue, Medford, Massachusetts, hereinafter called the locus. On April 23, 1958, following a jury verdict, the district court entered a judgment which provided that the government should recover $156,686.-68 from the taxpayers, and that Edwin F. Hannon, Jr., appellee herein, be appointed as receiver to sell certain real property, including the locus, and deposit the proceeds in court. Paragraph 5 of the judgment provided, "That the claim and lien of the United States with respect to the property located at * * * 139–141 Mystic Avenue, Medford, * * * has priority over the claims of all parties to this action." Paragraph 7 provided, "That plaintiff have judgment against Edna M. Fauci in the amount of $3,185.54 with interest * * *." No money judgment was rendered against Denehy. It was further provided that the total amount to be recovered by the government "from all property involved and from all defendants shall not exceed $156,686.68 plus interest and costs * * *." Both appellants failed to prosecute their appeals from this judgment.

In September, 1959 appellee, hereinafter called the receiver, was prepared to sell the locus. Fauci thereupon sought an injunction against him in the district court, alleging in her petition that she was the owner of the locus and that she had tendered and was still tendering the amount owed by her under paragraph 7 of the judgment. Her position was that this tender satisfied her only obligation under the judgment, and that she was therefore entitled to assert her ownership interest in the locus and prevent the sale. The court entered an order denying the petition, and Fauci appeals.

In October, 1959 the receiver proceeded in the district court against Denehy, alleging that she was seeking in the Land Court of the Commonwealth of Massa-

chusetts to foreclose a mortgage upon the locus; that he had been given notice of the proceedings, and that such action was in derogation of his rights under the judgment and cast a cloud upon the title to the property which he was seeking to sell pursuant thereto. The district court issued a temporary injunction, which it thereafter made permanent. In its final order it permanently enjoined Denehy from claiming title to or any other interest in the locus, and ordered her to execute and deliver to the receiver a discharge of the mortgage. Denehy appeals.

We deal first with the Fauci appeal. Fauci contends that the court cannot go behind the judgment, even to the extent of examining the complaint upon which it is based. Although this contention is erroneous, see, e. g., State of Oklahoma v. State of Texas, 1921, 256 U.S. 70, 87–88, 41 S.Ct. 420, 65 L.Ed. 831, we will assume for the sake of argument that appellant is entitled to rest her case on the judgment as it stands alone. It is true that the payment of the amount tendered would discharge Fauci's personal monetary obligation under paragraph 7. However, within the four corners of the judgment it is apparent that this was not the only matter determined. Paragraph 5, which is without any limitation here relevant, unambiguously provides that the government's lien against the locus "has priority over the claims of all parties to this action." This means all claims. Appellant was a party. She offers no explanation why any claim of hers is to be excluded, or why she is not bound by this portion of the judgment. On its face the government's lien is not limited by the amount stated in paragraph 7, but will exist until the government has recovered $156,686.68. Appellant makes no suggestion that her tender would accomplish that result. Her appeal is without merit.[1]

Denehy, unlike Fauci, bases her case on the proposition that the judgment must be interpreted in the light of the prior proceedings. Her contention is that the matter of her mortgage was not before the district court and was not passed upon because no allegations were made, and no evidence was introduced, specifically concerning it. However, Denehy herself was before the court, and the complaint raised the general issue of whether, so far as creditors were concerned, ownership of the locus was to be regarded as in the taxpayers as distinguished from the other defendants. More specifically, paragraph 15 of the complaint in the original action named appellant as one of the defendants who had received property from the taxpayers, and the locus was listed, in subparagraph (c), as part of the property in question. Appellant's answer to this part of the complaint was that, "Defendant Denehy denies each and every allegation made by the plaintiff in Paragraph 15 of the Complaint insofar as it concerns her interest and property mentioned in Sub-Paragraphs a, b, c, d and g * * *," and alleged insufficient knowledge to answer as to the other property. It seems apparent that appellant thereby admitted that she had an interest in the locus and merely denied that it was subject to return to the taxpayers vis-à-vis the government's claim. Moreover, the statute under which the proceedings were brought, 26 U.S.C. § 7403(c), Int.Rev. Code of 1954, required the court "to adjudicate all matters involved * * * and finally determine the merits of all claims to and liens upon the property * * *." The judgment did not purport simply to set aside certain specific transfers, but was full and complete so far as the government's lien was concerned. If its terms were excessive and unwarranted, this was a matter to be raised before the court at that time, a course which

1. Although appellee has not raised the issue, we note in passing that Fauci's appeal may well be moot since the record shows that the property was actually sold on October 17, 1959, after notice of appeal was filed, but before argument.

Although appellant requested a stay of the sale in the district court, the request was denied, no appeal from that order was taken, and no stay was sought in this court.

Denehy failed to take. Having remained silent as to her alleged mortgage, and having permitted the suit to proceed to a broad and final decree determining rights in the locus, appellant cannot now attempt to retry those issues "in an independent suit based solely upon a title that [s]he was at liberty to set up, but chose not to assert, before the decree was rendered." Dowell v. Applegate, 1894, 152 U.S. 327, 343, 14 S.Ct. 611, 617, 38 L.Ed. 463. Under these circumstances, Denehy's prosecution of the Land Court proceedings constituted a collateral attack upon the judgment, and was in derogation of the receiver's rights thereunder. The district court clearly had the requisite power, in the course of an ancillary proceeding, to protect its judgment and effectuate the receivership by in effect enjoining the further prosecution of the Land Court proceedings. See, e. g., Wabash R. Co. v. Adelbert College of the Western Reserve University, 1908, 208 U.S. 38, 54, 28 S.Ct. 182, 52 L.Ed. 379, rehearing denied 208 U.S. 609, 28 S.Ct. 425, 52 L.Ed. 642; 28 U.S.C. § 2283.

Denehy argues that even if the court could prevent her from interfering with the receiver's sale by enjoining her from claiming title to, or an interest in, the locus, it was without power to amend its judgment at that late date by ordering her to convey a discharge of the mortgage. The receiver's position is that the court was not amending its judgment, but, rather, was enforcing it. We believe that this portion of the order was unnecessary and excessive. The receiver had only possession of the locus, not the title thereto. Nor did the original judgment attempt to settle the question of where title to the property lay as between taxpayers and the other defendants. It merely provided that as between the government and other persons with an interest in the locus the government's lien had priority. To satisfy this lien the property was to be sold, but if there was an excess, that was to be disposed of by further order of the court. While the conveyances may have been fraudulent as to the government, they were not declared invalid as between the immediate parties. The government was entitled to have the mortgage set aside only to the extent necessary to satisfy its claim. The decree should not order the mortgage's discharge, but should merely reaffirm that it does not constitute a lien on the premises as against the government, or anyone claiming under or through the government, and that to this extent appellant is enjoined from setting up or claiming any rights thereunder.

In No. 5594, judgment will enter affirming the order of the District Court; in No. 5595, judgment will enter vacating the order of the District Court and remanding the case to that court for further proceedings not inconsistent with this opinion.