HAWTHORNE, Justice
(dissenting).
Plaintiff Theresa Reiley, a guest passenger in a car being driven by Joan Dacey, was injured in a collision between the Dacey car and a vehicle owned by Atlas Construction Company, Inc. Miss Reiley entered into a settlement with the insurer •of the Dacey automobile, by which she received $7500.00. She then instituted suit against Atlas Construction Company and its insurer, and obtained a judgment in the ■district court against these defendants. On .appeal the Court of Appeal, Second Circuit, reduced the amount of the judgment from :$35,000.00 to $25,000.00, and found that Joan Dacey was a joint tort feasor with the •driver of the Atlas vehicle.
Before the judgment of the Court of Appeal became final defendants Atlas and its insurer filed a petition in the Jackson Parish •district court, the court of original jurisdiction, alleging that a dispute had arisen as to the amount of court costs, and that defend.ants were entitled to discharge the judgment in favor of Miss Reiley by deducting therefrom the sum of $7500.00, the amount received by her in the settlement. That proceeding is still pending in the Jackson Parish court.
After the institution of that proceeding in Jackson Parish, and after the judgment of the Court of Appeal in favor of Miss Reiley had become final, Miss Reiley instituted proceedings in East Baton Rouge Parish and obtained an order making the judgment executory for the full sum of $25,000.00 and costs, and under a writ seized sufficient funds to satisfy the full amount of the judgment. Defendants Atlas and its insurer satisfied the writ by paying to the sheriff the full amount of the judgment, but obtained a writ of sequestration from the Jackson Parish court, under which a sum sufficient to satisfy any credit that might be allowed in the proceeding in Jackson Parish on the Court of Appeal Judgment was ordered seized. Under this writ $8250.00 in the custody of the East Baton Rouge Parish sheriff was seized as being property of Theresa Reiley, rightfully theirs. This sum is now in the custody of that sheriff. In due course the district court of East Baton Rouge Parish rendered a judgment recalling, setting aside, and dismissing the writ of sequestration obtained by Atlas and its insurer from the Jackson Parish court, and ordered the sum seized thereunder to be paid to plaintiff Theresa Reiley.
The majority opinion permits plaintiff Theresa Reiley, a non-resident, to collect the judgment for the full amount of her damages from the defendants without deducting the $7500.00 which she has already received. This permits her to collect $32,-500.00 on a judgment for damages in the amount of $25,000.00; in other words, she is getting $7500.00 more in damages than she was awarded by the judgment of the Court of Appeal. This to me constitutes unjust enrichment.
Defendant Atlas and Joan Dacey being joint tort feasors, their obligation to plaintiff is in solido. Article 2203 of the Civil Code provides:
“The remission or conventional discharge in favor of one of the codebtors in soKdo, *694 discharges all the others, unless the creditor has expressly reserved his right against the latter.
“In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.”
This article of the Code places the burden on the creditor of not claiming of the debtor that part of which the creditor has made remission to another debtor in solido. The burden is not on the debtor to defend to this amount by offset, etc., but there is a clear prohibition against the creditor’s claiming that part paid by another solidary debtor. That prohibition did not operate against Theresa Reiley originally, when she filed the suit, because it had not been established at that time that Joan Dacey was negligent along with the driver of the motor vehicle belonging to Atlas so as to make them joint tort feasors and solidarily liable for the damage to Theresa Reiley. The district court decided that Joan Dacey was not negligent, so that Miss Dacey and Atlas were still not joint tort feasors and solidarily liable. But the Court of Appeal found that they were joint tort feasors, and at that point of the case the prohibition of Article 2203 applied. It was incumbent upon Theresa Reiley therefore to reduce her claim in the amount that she had received from the automobile insurer of Miss Dacey, and she was clearly prohibited under Article 2203 from claiming any part of the debt without making this deduction.
Since she failed to comply with the provisions of this article and obtained a judgment for the full amount of damages sustained by her in the accident, there would appear to be valid reason for Atlas and its insurer to oppose collection of the judgment in the full sum whenever and wherever it is sought to be enforced. Accordingly, the judgment of the district court of East Baton Rouge Parish dissolving the writ of sequestration[1] should be reversed and set aside and all proceedings stayed until the termination of the proceedings in the district court of Jackson Parish where the district judge overruled peremptory exceptions of res judicata and no cause of action to the prayer that the judgment be reduced by the amount of remission, a prayer which does nothing more than seek credit for a payment made on a judgment which is now final.
When the plaintiff failed to reduce her claim in accordance with Article 2203, she then made it possible for enforcement of the judgment to be met with an assertion of part payment of it. This is the matter that has been set for trial in Jackson Parish, and determination of that matter should precede any relinquishment of funds in East Baton Rouge Parish.
The principal authority relied on by the majority for permitting the sequestration to be dissolved in this case, thus permitting the plaintiff to collect the full amount of her damages from the defendants notwithstanding the admission of her attorney in this court that $7500.00 had already been collected from a joint tort feasor, is the case of Loeb v. Fischer, 137 La. 132, 68 So. 383 (1915), wherein the general principles are stated as set out in the majority opinion regarding lack of authority of courts to affect property possessed by other courts through their officers. What the majority failed to do was quote far enough from that opinion, wherein it is said:
“ * * * they [these principles] are not based upon any supposed superiority of one court over others, but serve to prevent a conflict over the possession of property, which would be unseemly and subversive of justice.” (Italics mine.)
To give effect to the underlying basis of the rule — to prevent a conflict between the two courts of Jackson and East Baton *695 Rouge parishes as unseemly and subversive of justice- — -the most that this court should do under the extraordinary circumstances of this case is to end the conflict by appropriate order, but nevertheless under ow supervisory jurisdiction in the interest of justice we should order the East Baton Rouge court to hold the funds until the dispute set for trial in Jackson Parish is judicially determined.

. The writ of sequestration was issued out of the Second Judicial District Court for the Parish of Jackson. Does the Nineteenth Judicial District Court for the Parish of Bast Baton Rouge have jurisdiction enabling it to render an order dissolving and setting aside the writ issued, by the court of another jurisdiction?