## DELAWARE & HUDSON CO. et al. v. UNITED STATES (INTERSTATE COMMERCE COMMISSION, Intervener).

(District Court, S. D. New York. July 16, 1923.)

**1. Courts ⬛1—"Jurisdiction" defined.**

In its widest sense, "jurisdiction" is no more than the power to hear and determine the subject-matter in controversy, and in that general sense every court possesses the right to hear and determine some question presented by the pleadings of a cause brought in it, if it be no more than the right to pass on its own power to hear the case.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction (of Courts).]

**2. Commerce ⬛92—District Court has jurisdiction of suit to set aside tentative valuation of railroad property by Interstate Commerce Commission; "order."**

Under Commerce Court Act (Comp. St. § 993), and Comp. St. § 994, as to District Court's jurisdiction of cases brought to set aside, annul, or suspend any order of the Interstate Commerce Commission, the federal District Court has jurisdiction of a suit to enjoin entry of and to set aside a "tentative valuation" placed on property of common carrier by the Interstate Commerce Commission, under Interstate Commerce Act, § 19a, as amended (Comp. St. Ann. Supp. 1923, § 8591); such valuation being an "order' of the Commission.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Order.]

**3. Statutes ⬛184—Should not be construed to require the impossible.**

No statute law should be held to require the impossible, unless the language thereof permits of no other interpretation.

**4. Commerce ⬛87—Tentative valuation by Interstate Commerce Commission held to comply with statute.**

A tentative valuation of railroad property by the Interstate Commerce Commission, under Interstate Commerce Act, § 19a, as amended (Comp. St. Ann. Supp. 1923, § 8591), held a compliance with the statute as against the objection that it did not report in detail the original cost of lands, rights of way, and terminals owned or used for common carrier purposes, and did not report the original cost and present value of property held for purposes other than those of common carrier, and omitted certain tracts or portions thereof used by several carriers jointly, and did not report the value as a whole of the properties of the objecting railroads.

**5. Commerce ⬛87—Protest to tentative valuation of property by Interstate Commerce Commission does not put protestants in position of plaintiffs, on whom lies burden of proof.**

Protest by carriers to tentative valuation placed by Interstate Commerce Commission on property of carrier under Interstate Commerce Act, § 19a, as amended (Comp. St. Ann. Supp. 1923, § 8591), did not put protestants in position of plaintiffs, on whom lies the burden of proof

---

⬛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the valuation is erroneous, incomplete, or otherwise unjust; the protest only serving to limit discussion of the questions of fact and law which must arise on any such valuation.

In Equity. Proceeding by the Delaware & Hudson Company and others against the United States, in which the Interstate Commerce Commission intervened. Proceeding dismissed.

The Interstate Commerce Act, as amended (section 19a [Comp. St. Ann. Supp. 1923, § 8591]), requires the Commission to "investigate, ascertain and report the value of all the property owned or used by every common carrier subject to the provisions of this act." The Commission, having arrived at a valuation of the property of the petitioners, has embodied the same in what is called a "tentative valuation" in subsections (f) and (h) of said section 19a. Petitioners, being dissatisfied with said "tentative valuation," bring this petition, seeking a decree that said "tentative valuation" of the Commission "be set aside, annulled and suspended, and that a permanent injunction issue, preventing the entry of any order fixing final value before a lawful tentative valuation has been made."

The present motion is, in the language of the petition, for "an interlocutory injunction suspending and restraining the enforcement, operation, and execution of said 'tentative valuation' in whole or in part and setting the same aside." The motion coming on to be heard before the judges named below, pursuant to Judicial Code, § 266 (Comp. St. § 1243), petitioners filed certain affidavits in support of said motion, and proved that they had, on or about May 10, 1923, and within 30 days of the filing of said tentative valuation, filed a "protest of the same," pursuant to said Interstate Commerce Act, § 19a, subsec. (h), and thereupon both the respondent and the intervener filed motions to dismiss the petition, substantially on the following grounds: (1) The court has no jurisdiction over the subject-matter of the petition, and may not properly grant any portion of the relief prayed for therein; (2) the facts pleaded are insufficient to entitle petitioners to any relief in equity.

H. T. Newcomb and Walter C. Noyes, both of New York City, for petitioners.

P. J. Farrell, of Washington, D. C., for Interstate Commerce Commission.

W. D. Riter, Asst. Atty. Gen., for the United States.

Before HOUGH, Circuit Judge, and KNOX and GODDARD, District Judges.

PER CURIAM. The unusual nature of this application requires brief explanation. Section 19a of the Interstate Commerce Act plainly puts the burden on the Commission of producing what is called a "tentative valuation." Such valuation is without any probative effect per se; no proceedings can be based thereupon, and it is no more than a preliminary opinion expressed by the Commission. We think the so-called "tentative valuation" is properly described as an ex parte appraisement. To be sure, this "tentative valuation" becomes final, if a protest be not filed within 30 days.

Petitioners have filed such protest, and they have thereby created an issue raised by what is the equivalent of a pleading; and that issue (as appears from the terms of the protest) consists substantially of two questions: (1) Is the tentative valuation correct in point of fact? and (2) is it properly made in point of law? Having raised these two questions, however, petitioners bring what is practically a bill in equity for the purpose of avoiding the necessity of trying the issue presented

in the manner aforesaid; such prevention of trial being brought 'about by demanding a decree totally suppressing said "tentative valuation." To the demand thus made the parties defendant have substantially filed a general demurrer.

[1] To question in general terms the jurisdiction of the court always introduces an element of confusion. This is because the word "jurisdiction" always needs definition. In its widest sense, jurisdiction is no more than the power to hear and determine the subject-matter in controversy (Rhode Island v. Massachusetts, 12 Pet. 657, 9 L. Ed. 1233), and in that general sense every court possesses the right to hear and determine some question presented by the pleadings of a cause brought in it, if it be no more than the right to pass on its own power to hear the case. These motions to dismiss really mean no more than that on the face of the petition or bill, plus affidavits and protest, petitioners are not entitled to have this "tentative valuation" suppressed.

[2] Jurisdiction in some sense is derived from section 1, subd. 2, of the Commerce Court Act (36 Stat. 539 [Comp. St. § 993]); this being a case brought to "set aside, annul or suspend in whole or in part *any order* of the Interstate Commerce Commission." This jurisdiction was transferred to this court by 38 Stat. 219 (Comp. St. § 994). Undoubtedly the tentative valuation of petitioner's property above referred to is an order of the Commission. Therefore this suit may be brought, and this court must entertain it. But, of course, it does not follow that petitioners are entitled now to any relief.

An examination of the petition and a comparison thereof with the protest filed by petitioners shows that the substance of complaint may be summarily stated as follows: The Commission did not ascertain the original cost to date of each piece of property other than land used by petitioners for common carrier purposes; it did not report in detail the original cost of lands, rights of way, and terminals owned or used for common carrier purposes by petitioners; it did not report the original cost and present value, or either, of any property held by petitioners for purposes other than those of a common carrier; it omitted certain specified railroad tracks or portions thereof, which one of said petitioners is entitled to use, as well as certain other railway and/or terminal adjuncts used by one of the petitioners jointly with other carriers; and it did not report the value *as a whole* of the properties of petitioners.

We have not set forth all the objections of petitioners, but the above are sufficient to indicate the kind of objection made, on which and by reason of which it is demanded that the "tentative valuation" be suppressed and held for naught. We repeat that we regard this "tentative valuation" under the statute as an ex parte appraisement. Any such matter necessarily gives rise to many differences of opinion. The evident object of the statute is to ascertain for purposes of rate making and money borrowing the reasonable and probable going value of that property which is devoted to serving the public as a common carrier. What particular pieces of property are so used is oftentimes matter of opinion, about which honest and well informed men may differ. As to original cost, it is to be remembered that at least one of these peti-

tioners can trace its corporate life backward for nearly a century; and the ascertainment of some items of original cost, as well as added cost, may be in the opinion of many, if not most, men a veritable impossibility.

[3, 4] No statute law should be held to require the impossible, unless the language thereof permits of no other interpretation. It would serve no useful purpose to go into detail, but after examination this court is of opinion that the Commission's "tentative valuation" complies with the spirit of the statute, and on its face comes as near to complying with the letter as the facts permitted, in the Commission's opinion.

[5] Argument has developed as petitioners' legal position that they are entitled to a literal compliance with the statute, because the protest (treated as a pleading) puts them in the position of plaintiffs, upon whom lies the burden of proving that the "tentative valuation" is erroneous, incomplete, or otherwise unjust. We perceive no force in this objection, and think that the protest no more than serves to limit discussion of the questions of fact and law which must arise upon any such valuation. If the statute required no tentative valuation, and petitioners asserted (as they do assert by their published accounts) a certain stated value for their possession, it would still and always be incumbent upon them to prove the correctness of their own figures. They are in no worse position by reason of anything that has been done.

Entertaining these views, we are of opinion (1) that the Commission has reasonably complied with the requirement of the statute in respect of "tentative valuation;" and (2) that the petitioners are not placed in any legally disadvantageous position by any act of the Commission. We therefore conclude that there is no equity in this application to suppress a merely preliminary step in a lawful valuation proceeding, and for that reason dismiss the petition, without costs.