## ST. LOUIS UNION TRUST CO. et al. v. SAN BENITO LAND & WATER CO. (FRAZIER et ux., Interveners).*

(District Court, S. D. Texas. January 19, 1924.)

No. 40.

1. **Judgment** ⟨⊸⟩678(6)—**Judgment against receiver in action to set aside prior judgment in action in tort held, under facts, to involve as necessary consequence adjudication that receiver, and not company, was liable.**

Judgment against receiver in action in state court to set aside prior judgment in action in tort held, on ground that it had been wrongfully rendered against former receiver, *held*, under the particular facts, to involve as necessary consequence adjudication that receiver, and not company, was liable for damages.

2. **Judgment** ⟨⊸⟩828(3)—**Adverse judgment in receiver's action in state court to set aside judgment held such as federal court having charge of receivership would enforce, without relitigating question of receiver's liability.**

Where, at time of purchase of property from receiver, there was pending suit by receiver in state court to cancel judgment obtained against former receiver in action in tort, on ground that it had been wrongfully entered against him, and purchaser was required to give bond to satisfy such judgment if it was not set aside, *held*, under the facts, that adverse judgment in such receiver's suit amounted to an adjudication that liability was that of receiver, and not of company, and was in itself sufficient evidence of receiver's obligation to authorize its enforcement by federal court having charge of receivership, and court would not go behind it to inquire whether it should have been against company, instead of receiver.

In Equity. Suit by the St. Louis Union Trust Company and others against the San Benito Land & Water Company, wherein Brice Frazier and wife intervened. Decree for interveners.

Sam Streetman (of Andrews, Streetman, Logue & Mobley), of Houston, Tex., and Samuel Spears, of San Benito, Tex., for appellants.

Graham, Jones, Williams & Ransome, and Seabury, George & Taylor, all of Browns-

*Decree affirmed 4 F.(2d) 1010.

ville, Tex. (J. C. George, of Brownsville, Tex., of counsel), for appellees Frazier and wife.

HUTCHESON, District Judge. This is an amended intervention of Brice Frazier and wife, in which they ask judgment, against Thomas N. Dysart, trustee, and the sureties upon the bond given by him in the above cause, 'in accordance with a decree and order requiring the said Thomas. N. Dysart, trustee, to pay to the clerk of this court the sum of $5,000 in money, to be kept by said clerk and applied by him to the payment of such judgment as the court in this cause might thereafter allow, or in lieu of the payment of said $5,000 requiring the said Thomas N. Dysart, trustee, to execute his solvent bond, to be filed with said clerk and approved by him, in the sum of $5,000, conditioned that the said Thos. N. Dysart, trustee, pay off and satisfy such sum as this court in this cause might thereafter decree to be a receiver's obligation, in favor of said Brice. Frazier and wife on account of this intervention.

Interveners present as the basis for the judgment prayed on this intervention the judgment of the district court of Cameron county in cause No. 2820, Brice Frazier et al. v. E. F. Rowson, receiver, et al., in favor of Brice Frazier and wife, and against E. F. Rowson, as receiver of the San Benito Land & Water Company for $4,070, together with interest at 6 per cent. from the date of the judgment, April 27, 1915, and a judgment in cause 3014, in the district court of Cameron county, entitled E. F. Rowson, Receiver, v. Brice Frazier et ux., which latter judgment, after setting out the questions asked the jury, and the answer of the jury, proceeds as follows:

"Said verdict of said jury, having been returned into open court, was received by the court, and the jury was discharged, and on said verdict of the jury and the evidence introduced on the trial it is the opinion of the court that the law is with the defendants and against the plaintiff in this cause, and the plaintiff was and is entitled to no part of the relief sought by him herein."

Thereafter said judgment reaffirmed and readjudicated as against Samuel Spears, substitute receiver, in the place of E. F. Rowson, deceased, the validity of the judgment in cause No. 2820, and concludes:

"It is further the order, judgment, and decree of this court that said judgment rendered in said cause No. 2820, styled Brice

Frazier et ux. v. E. F. Rowson, Receiver, et al., rendered in the district court of Cameron county, Texas, on April 27, 1915, be and the same is in all things validated, confirmed, and here now adjudicated to be in full force and effect as against the said Samuel Spears, receiver of San Benito Land & Water Company."

In contest of this intervention, Spears, receiver, appeared, as did also Dysart, trustee, both asserting that, while the judgments in the state court relied upon by the interveners were conclusive as to the existence and amount of the liability they left entirely open the question as to whether the claim based on the judgment ought to be adjudicated as a receiver's obligation, and insisted that upon the judgments alone interveners were not entitled to a judgment against Dysart and upon the bond.

This contention on the part of the defendants turns on the proposition that the meaning and effect of the decree of the court requiring the filing of the bond was to make the obligation accrue and become payable only in the event and to the extent that the court decreed the interveners to have a claim against the receiver, as distinguished from a claim against the corporation; that a receiver's obligation (that is, a claim accruing against the receiver) would, of course, be a proper charge upon the corpus of the property and against the purchaser under the terms of this bond. Houston & Texas Central Ry. Co. v. Crawford, 88 Tex. 277, 31 S. W. 176, 28 L. R. A. 761, 53 Am. St. Rep. 752; Cowdrey et al. v. Galveston, etc., R. R., 93 U. S. 352, 23 L. Ed. 950. Conversely, that if the plaintiff's claim was based upon injury done to it prior or to the receivership, it would not be a receiver's obligation, and Dysart and the bond would not be accountable; that this precise question, whether the judgment was for damages caused by the receiver, or for damages caused by the company prior to the receivership, still remains to be litigated, is not foreclosed by the judgment above referred to, and must be determined by this court in some way other than by reliance upon the judgments of the state court.

With these contentions I do not agree, for it seems to me that in law generally, and under the facts of this case specifically, the judgment in No. 3014, affirming the judgment in No. 2820, adjudicated and determined the very questions which they now seek to argue, and forms the sufficient and compelling basis for a judgment by this court in this intervention, decreeing the

amount of the judgment in No. 3014 as a receiver's obligation in favor of Brice Frazier and wife, and as such payable out of the proceeds of the property ordered to be conveyed to the said Thomas N. Dysart, trustee. It must be borne in mind that the decree authorizing the substitution of a bond for the property was obtained by Dysart in order to enable him to take the property free from this claim, and that the reason for the making of the bond was the fact of the judgment in the state court, No. 2820, and the insistence by the interveners that that judgment be ordered paid by the court as a charge against the property, and that it was the view of the parties then concerned that that judgment in No. 2820, if not set aside, constituted a charge upon the property, which the purchaser must pay off.

With that in mind E. F. Rowson, as receiver, on February 26, 1916, filed a suit to set aside the judgment in No. 2820, which suit was pending on the docket of the district court of Cameron county for many months, was pending at the time the property of the company was bought by Dysart, trustee, and was pending on the 12th day of April, 1917, when the judge of this court, in order to make provision for the discharge of the judgment in cause No. 2820, in the event it was not set aside, and for the claim, if the judgment was set aside, entered the order above referred to, providing for the payment of $5,000 to the clerk, or in lieu thereof the making of a bond. That the payment of this judgment in No. 2820, if it was not set aside in No. 3014, was the purpose of the bond, is made clearly manifest by the petition of Thomas N. Dysart, trustee, filed in this court on January 27, 1922, in which the death of Rowson is suggested, and it is prayed that a substitute receiver be appointed for the sole purpose of prosecuting to judgment suit No. 3014 on the docket of the district court of Cameron county; said petition alleging:

"Your petitioner is interested in the prosecution of said cause in this: That at the sale of the properties of the defendant San Benito Land & Water Company, under order of this court in this cause by the special master appointed by this court, your petitioner became the purchaser of said properties, but said cause No. 3014, in the district court of Cameron county, Texas, was then pending to set aside a judgment rendered in a certain suit, No. 2820 on the docket of the district court of Cameron

4 F.(2d)—64

county, Texas, wherein said Brice Frazier and Daisy Frazier, his wife, were plaintiffs, and said E. F. Rowson, in his capacity as receiver of the San Benito Land & Water Company, and the San Benito Land & Water Company, were defendants. As an incident to your petitioner's purchase of said property he was required to give bond in the sum of $5,000 conditioned that he should pay any judgment that might be rendered against said E. F. Rowson, as receiver, in said cause No. 3014, or the judgment which had been rendered against him in said cause No. 2820, should that judgment not be set aside by the district court of Cameron county, Texas, or any appellate court, in said cause No. 3014. Your petitioner believes, and here avers, that the judgment in said cause No. 2820 was wrongfully rendered against your receiver, and that the trial of the cause No. 3014 will result in said judgment being set aside, and in the release of your petitioner from the obligation of his bond to satisfy said judgment against your receiver, should the same not be set aside."

Upon said petition the court, on the 19th day of January, 1922, entered its order appointing Samuel Spears for the sole purpose of prosecuting said cause No. 3014 to final judgment. Thereafter Samuel Spears, through his attorneys, filed his amended answer in cause No. 3014, setting up that the judgment in No. 2820 had been taken against the receiver improperly; that that judgment should be set aside, and that upon a retrial of the case the plaintiff Spears could and would show that the receiver of the San Benito Land & Water Company was not liable to plaintiffs in cause No. 2820 in any sum. The issue was joined on this petition, the cause was submitted to the jury on special issues. It was found by the jury that the original judgment had been properly taken against the receiver, and the court on said verdict rendered judgment in cause No. 3014 as above set out.

[1] This judgment was a judgment against the receiver. Such a judgment involves, as a necessary consequence, an adjudication that the receiver, and not the company, was the responsible party in the matter of the damages complained of. See 23 R. C. L. p. 85, where the author states: "By the weight of authority, however, a receiver is not liable for a tort committed by the corporation prior to his appointment, and hence is not a proper party in an action to recover damages therefor."

[2] For this court now to undertake to

hear evidence upon the question of whether the receiver was liable for the judgment would be to deny to the judgment in the state court the effect given ordinarily to judgments—that is, that they mean what they say—and to deprive that judgment of the effect which the law gives it, that it is a finding that the receiver, and not the company, was liable for the damages found. Such a proceeding, under ordinary circumstances, would not be permissible. Under the circumstances of this case, it is even less so. Here Dysart, after having procured the appointment of a substitute receiver, Mr. Spears, to litigate the case in the state court, upon representations to this court in effect that the judgment there sought to be set aside would, if not set aside, have to be paid by him, is undertaking to again litigate the very thing which this court, by appointing a substitute receiver, directed him to litigate in the state court. To indulge the effort to relitigate here under these circumstances that which has already been fully litigated would, in my opinion, amount to a trifling both with the state and the federal court. These being my views, it follows that the judgment in the state court is sufficient evidence of the receiver's obligation to authorize this court to enforce it.

The prayer of the interveners will therefore be granted. The amount of the judgment in the state court will be declared by this court to be a receiver's obligation, and as such payable out of the corpus of the property, and judgment will be entered accordingly against Thomas N. Dysart, trustee, and the sureties on his bond.