### INTERNATIONAL & G. N. RY. CO. et al. v. ADKINS et al.

(District Court, S. D. Texas, at Houston. July 17, 1926.)

**I. Courts ⟨⬦⟩493(3)—Federal court, in railroad foreclosure suit, cannot reserve jurisdiction to determine questions then being litigated in a state court.**

In a railroad foreclosure suit in a federal court, the court cannot, in its decree, reserve jurisdiction to determine questions then being litigated in a state court which has acquired jurisdiction.

**2. Judgment ⟨⬦⟩828(3)—Questions determined by state court in action against federal receiver cannot be relitigated in federal court.**

Receiver of a federal court may be sued in a state court, and, when such suit has proceeded to judgment, the issues determined cannot be relitigated in the federal court.

**3. Judgment ⟨⬦⟩828(3)—Where federal receiver is directed to defend suit in state court, the judgment of that court is final and cannot be relitigated in federal court.**

Where the receiver appointed by a federal court in a railroad foreclosure suit was directed to defend a suit pending in a state court, the judgment of that court is final, and the issues determined cannot be relitigated in the federal court.

**4. Courts ⟨⬦⟩509—Railroad held not entitled to injunction against enforcement of judgment of state court, entered after lengthy litigation.**

Where a defendant for years contested a suit in a state court, inter alia, raising the question of the court's jurisdiction, the result being a judgment against it, from which it appealed to the Supreme Court of the state, giving a supersedeas bond, where the judgment was affirmed, a federal court will not entertain a bill to enjoin enforcement of the judgment against defendant and its sureties.

**5. Courts ⟨⬦⟩497—Judgment of state court in personam held not affected by possession of defendant's property by federal court.**

Possession by a federal court of the property of a railroad company in a foreclosure suit does not affect the jurisdiction of a state court to render a judgment in personam against it, where it appeared and contested the suit and voluntarily gave a supersedeas bond to appeal from the judgment.

In Equity. Suit by International & Great Northern Railway Company and others against Jessie B. Adkins, administratrix, and others. Decree for defendants.

Andrews, Streetman, Logue & Mobley, of Houston, Tex., and Davis & Eskridge, for plaintiffs.

Perry J. Lewis, H. C. Carter, Randolph L. Carter, and Champe G. Carter, all of San Antonio, Tex., for defendants.

HUTCHESON, District Judge. Plaintiffs, International & Great Northern Railway Company, defendant, and W. R. King and W. W. Collier, as sureties on its supersedeas bond entered in the Fifty-Seventh judicial district court of Bexar county, Tex., to stay the judgment of that court rendered against the defendant railway company, have filed an ancillary bill in equity No. 49 on the docket of this court, in which they seek to enjoin the defendants here, plaintiffs in the state court, from enforcing the judgment above mentioned, which has been affirmed by the highest court of the state on appeal.

Plaintiffs claim that, notwithstanding the final judgment on appeal condemning them as principal and sureties on the bond to pay, they have the right to ask relief from this court, because, as they claim, the judgment was void for want of jurisdiction by reason of certain reservations entered in this court in connection with the foreclosure of the mortgage upon the railroad's properties in the receivership created in cause No. 49.

The defendants meet the plaintiffs at the threshold, asserting that, whether the judgment was right or wrong, it was rendered by a court of general jurisdiction, was affirmed on appeal by the highest court of the state, and the very questions now sought to be litigated were specifically presented to those courts and by them adjudged against the plaintiffs.

They say in addition that, if plaintiffs would have had the right to relitigate here what has already been fully litigated there, if the judgment had been one affecting the res involved in equity No. 49, the judgment rendered against the defendant and the sureties in the state court was a judgment purely in personam, to be satisfied on execution, and therefore one as to which this court could not have reserved, and did not attempt to reserve, jurisdiction.

Since I agree with both these contentions, it will not be necessary to discuss the other matters raised, further than to say:

[1] 1. That the contention of plaintiffs, that this court by its orders in the receivership caused the withdrawal from the state court and the abatement of a suit of which the state court had already acquired jurisdiction under the authority of the statutes of the United States, is wholly without merit:

(a) Because this court could not have reserved to itself the jurisdiction which another court, under the authority of the statutes of the United States, was already exercising.

[2] Plaintiffs' position here proceeds from an entire misapprehension of the situation. Instead of this court having jurisdiction of the receiver as to that action, the jurisdiction was the other way. The state court had jurisdiction of the cause to the extent authorized by the federal statutes, and that jurisdiction could not, to the extent that it had once attached for the purpose of determining the liability of the receiver and fixing the amount, be disturbed by the action of this court.

The following quotation from the case of Lion Bonding Co. v. Karatz, 262 U. S. 90, 43 S. Ct. 484, 67 L. Ed. 871, is illuminating:

"The Nebraska court was confessedly a court of competent jurisdiction. While it was in possession of the res, it entered a supplemental decree. * * * But, if the legality of the state court's action was to be questioned, it could be done only by laying the proper foundation through appropriate proceedings in that court. * * * If such action had been taken and relief had been denied there, resort could then have been had to appellate proceedings. Wiswall v. Sampson, 14 How. 52 [14 L. Ed. 322]. But the judgment of the state court, which had possession of the res, could not be set aside by a collateral attack in the federal courts. Mutual Reserve Fund Life Association v. Phelps, 190 U. S. 147, 159, 160 [23 S. Ct. 707, 47 L. Ed. 987]. Nor could it be ignored. Shields v. Coleman, 157 U. S. 168 [15 S. Ct. 570, 39 L. Ed. 660]."

(b) Because it did not attempt to do so, this court merely discharging the receiver from any further obligation to those suits as far as this court was concerned, if he could obtain a release from the court of jurisdiction, the state court in which the action against him was pending. "Lower federal courts are not superior to state courts." Lion Bonding Co. v. Karatz, 262 U. S. 90, 43 S. Ct. 485, 67 L. Ed. 871. The order further providing for the contingency, if the state court would not release him, for his continuing to defend the suits through his attorneys, at the cost of the railway company.

2. That, while in view of the fact that the defendants sought to be enjoined here are not seeking satisfaction of their judgment against the receiver, but are merely pursuing their rights under their judgment in personam against the railway company and its sureties, it is not necessary to decide what would be done if they were applying for the satisfaction of their judgment against the receiver. I think it proper to say that, were they so applying, having litigated the matter to final judgment, they would have a right, under the reservations in this decree, to compel satisfaction of the obligation against the receiver, without relitigating here. St. Louis U. T. Co. v. San Benito L. & W. Co., 4 F.(2d) 1007, District Court, affirmed Spears v. Frazier (C. C. A.) 4 F.(2d) 1010; Stripling v. Schaff (C. C. A.) 10 F.(2d) 500.

[3] In the case of St. Louis Union Trust Co. v. San Benito Land & Water Co., the court had appointed a substitute receiver to litigate the cause. Here the court directed its receiver, in the event the state courts would not surrender their jurisdiction already lawfully acquired, to continue the litigation at the expense of the railway company, and there, as here, the effort to relitigate the receiver's liability would be "undertaking to again litigate the very thing which this court, by appointing a substitute receiver, directed him to litigate in the state court. To indulge the effort to relitigate here under these circumstances that which has already been fully litigated would, in my opinion, amount to a trifling both with the state and federal courts"; the court further saying:

"For this court now to undertake to hear evidence upon the question of whether the receiver was liable for the judgment would be to deny to the judgment in the state court the effect given ordinarily to judgments— that is, that they mean what they say. * * * Such a proceeding under ordinary circumstances, would not be permissible."

[4] Considering the two points made against the plaintiffs' action here in their order, I think it evident that, in the light of this record, showing a long, arduous, and hotly contested litigation, beginning in 1916 and terminating in 1925, to permit the plaintiffs to enjoin the process of the state court for the satisfaction of their supersedeas bond in order to permit them to again litigate what

they have already through so many years been litigating is contrary both to reason and authority. Delaware & H. Co. v. United States (D. C.) 295 F. 558; Ricaud v. American Metal Co., 246 U. S. 309, 38 S. Ct. 312, 62 L. Ed. 733; I. & G. N. Ry. Co. v. Anderson County, 246 U. S. 431, 38 S. Ct. 370, 62 L. Ed. 807; Jarrell v. Cole, 215 F. 315, 131 C. C. A. 589, L. R. A. 1916E, 298; Wood v. Browning, 176 F. 273, 100 C. C. A. 161; Ruling Case Law, vol. 15, pp. 749, 750; Lion Bonding Co. v. Karatz, 262 U. S. 90, 43 S. Ct. 480, 67 L. Ed. 871; St. Louis U. T. Co. v. San Benito Land & Water Co. (D. C.) 4 F.(2d) 1007–1010.

In Ricaud v. American Metal Co., 246 U. S. 309, 38 S. Ct. 312, 62 L. Ed. 733, it was contended that, because of the action of a foreign government, the United States District Court was without jurisdiction to hear a cause, the object of which was to re-examine and modify that action. The Supreme Court, however, after noting the existence of the requisite diversity of citizenship, said:

"It is settled that the courts * * * of one independent government will not sit in judgment on the validity of the acts of another done within its own territory. * * * This last rule, however, does not deprive the courts of jurisdiction once acquired over a case. It requires only that * * * the * * * action" of the foreign government "must be accepted by our courts as a rule for their decision. To accept a ruling authority and to decide accordingly is not a surrender or abandonment of jurisdiction but is an exercise of it." U. S. v. Arredondo, 6 Pet. 691, 8 L. Ed. 547.

In I. & G. N. Ry. Co. v. Anderson County, 246 U. S. 431, 38 S. Ct. 370, 62 L. Ed. 807, wherein it was sought to avoid the judgment of the state court, the court said:

"The railway company denies the jurisdiction of the state court and sets up that the court of the last foreclosure is the only proper forum. * * * Even if it were true that the foreclosure sale and order carried an immunity from the present demand that the railway was entitled to set up, in the absence of action on the part of the court of the United States, it would not take away the power of the state court to decide as to the existence of an alleged public duty on the part of a railroad within the territory where the court sat."

The Circuit Court of Appeals, in Wood v. Browning, 176 F. 273, 100 C. C. A. 161, in a complete and learned way sets out and discusses the authorities, quoting from Lemmon v. Herbert, 92 Va. 653, 24 S. E. 249:

"The court here had the power to decide whether the case made by the bill was within the jurisdiction of a court of equity, and, having proceeded in the case to a final decree, must necessarily have determined that question in favor of its jurisdiction. It may have erred in its decision, but such error would not avoid its decree. The decree would merely be erroneous, but conclusive until reversed or vacated."

In Ruling Case Law, vol. 15, p. 749, the author says:

"Except in cases involving fraud, or some other special basis for equitable relief, a court of equity may decline to interfere in regard to a judgment where the complaining party has a right by appeal or certiorari, to have the judgment reviewed by an appellate court."

And on page 750:

"Where a court of law and a court of equity have concurrent jurisdiction in regard to a particular defense, a litigant may elect between the remedies, and, failing to defend at law, he may nevertheless obtain relief in equity. But, if he presents such defense to a court of law and judgment is entered against him, he will not be permitted to relitigate in equity the question of the defense as a means of obtaining equitable relief in regard to the judgment. In other words, a defense cannot be set up in equity which has been fully and fairly tried at law, though it may be the opinion of the chancellor that the defense ought to have been sustained at law."

By the Constitution and laws of Texas, the district court of Texas is a court of general jurisdiction, with full power and authority to adjudicate as to persons and things brought before it by proper service, all questions raised, including the question of its own jurisdiction to act as a court upon those persons and things. Delaware & H. Co. v. United States (D. C.) 295 F. 558.

Here the district court had jurisdiction of the plaintiff railway by proper service and appearance by it in the cause, and of plaintiff railway company and its sureties by their voluntarily entering a supersedeas bond in the cause, and the only contention against the court's jurisdiction to enforce the judgment which they voluntarily superseded is that it erroneously ruled upon the claim of nonjurisdiction over plaintiffs advanced by them in that court on the ground of this court's reservations.

It therefore appears that whatever view this court might have taken of the question as to the state court's want of jurisdiction, it is now too late to elicit it, because the ques-

tion of whether the state court or this court had jurisdiction in the cause was fully submitted to and finally determined adversely to plaintiffs by the state tribunal.

Plaintiffs have accepted that decision, and cannot again litigate it, for as said in the Karatz Case:

"If the legality of the state court's action was to be questioned, it could be done only by laying the proper foundation through appropriate proceedings in that court. * * * If such action had been taken and relief had been denied there, resort could then have been had to appellate proceedings. * * * But the judgment of the state court, which had possession of the res, could not be set aside by a collateral attack in the federal courts. Nor could it be ignored. * * * Lower federal courts are not superior to state courts."

[5] Defendants' second contention, that the judgment sought to be enjoined was a mere judgment in personan, as to which the state court is not only competent to decide, but its decision will be binding upon the federal court, I think equally well taken.

In Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, the question is interestingly discussed. There the court said:

"A controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court."

Again on page 234 (43 S. Ct. 83) the court said:

"It was * * * the duty of the state court to take the case and proceed to judgment. There can be no question of judicial supremacy, or of superiority of individual right. The well-established rule, to which we have referred, that where the action is one in rem that court—whether state or federal—which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the res, involves the conclusion that the rights of the litigants to invoke the jurisdiction of the respective courts are of equal rank. See Heidritter v. Elizabeth Oil-Cloth Co., 112 U. S. 294, 305 (5 S. Ct. 135, 28 L. Ed. 729). The rank and authority of the courts are equal, but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and, where the necessity * * * does not exist, the rule does not apply. Since that necessity does exist in actions in rem and does not exist in actions in personam, involving a question of personal liability only, the rule applies in the former but does not apply in the latter."

Wabash R. Co. v. Adelbert College, 208 U. S., the case most relied on by plaintiffs, on rehearing at page 611, 28 S. Ct. 425, 52 L. Ed. 642, determines the validity of this judgment as a judgment in personam.

There the case having been brought to the Supreme Court of the United States on writ of error from the Supreme Court of Ohio, a judgment having been rendered reversing the judgment of the state court on the ground as set out in the original opinion, that it undertook to fix a lien and foreclose it on property already in custodia legis in the federal court, a motion for rehearing was presented asking for the modification of the decree of reversal so that the judgment of the Ohio court would be affirmed in so far as it fixed the amount and established the lien, and reversed in so far as it directed the seizure of the property. This motion the Supreme Court denied in part and granted in part, saying, (1) that so much of the decree of the state court as sought to fix a lien was beyond its power and must therefore be reversed; and (2) "the ascertainment of the amount due to the plaintiffs and the issue of an execution against the Toledo, Wabash & Western Railway Company, may be regarded as independent of the proceedings for the enforcement of the lien. Whether such a judgment can be rendered upon a proceeding of this nature is a question exclusively for the state court."

Here the pleadings did not ask and the judgment did not fix a lien upon any property. The pleadings sought and the court entered merely a judgment in personam for the amount of the damages ascertained. The plaintiffs voluntarily appeared in court, entered a supersedeas, agreed to be bound by the judgment rendered on an appeal, and on appeal a purely personal judgment was affirmed against both the railway and the sureties, and this court is bound by that decision (Wabash R. Co. v. Adelbert College, 208 U. S. 611, 28 S. Ct. 425, 52 L. Ed. 642), independently of the fact that the Circuit Court of Appeals of this Circuit has in I. & G. N.

Ry. v. Binford (D. C.) 10 F.(2d) 496, I. & G. N. Ry. v. Edgeley, and I. & G. N. Ry. v. Texas Co. (C. C. A.) 10 F.(2d) 501, and I. & G. N. Ry. v. District Clerk (C. C. A.) 4 F. (2d) 19, sustained the theory of liability on which the courts of this state have rested their affirmance of the judgment now sought to be enjoined.

Upon the whole case, I am clear that the plaintiffs' bill presents merely an effort to try in another forum a question already decided against them in a forum of competent jurisdiction, and is wholly wanting in equity.

The relief prayed for in the bill will be in all things denied.