INTERNATIONAL–G. N. R. CO. et al. v. ADKINS et al.*

Circuit Court of Appeals, Fifth Circuit.
April 14, 1927.

No. 4906.

Courts ⬰508(3)—Purchaser of railroad at sale in receivership proceedings in federal court could not enjoin enforcement of state court judgment for wrongful death (Rev. St. Tex. 1911, arts. 6624, 6625).

Purchaser of railroad at foreclosure sale in receivership proceedings in federal court, liable under terms of sale and under Rev. St. Tex. 1911, arts. 6624, 6625, for death resulting from negligence of receiver and his agents, *held* not entitled to injunction restraining execution of judgment obtained in action in state court after refusal of state court to abate action.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson and Du Val West, Judges.

Suit by the International-Great Northern Railroad Company and others against Jessie B. Adkins, as administratrix and individually, and others. From a decree for defend-

*Rehearing denied May 23, 1927.

ants (14 F.[2d] 149), plaintiffs appeal. Affirmed.

W. L. Cook, of Houston, Tex. (Davis & Eskridge, of San Antonio, Tex., and Andrews, Streetman, Logue & Mobley and J. E. Kilday, all of Houston, Tex., on the brief), for appellants.

Perry J. Lewis, H. C. Carter, and Champe G. Carter, all of San Antonio, Tex. (Randolph L. Carter, of San Antonio, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment dismissing a bill seeking an injunction to restrain the execution of a judgment obtained in a state court of Texas. Notwithstanding the voluminous record and extensive briefs filed, the issues presented are comparatively simple. The material facts are these:

The United States District Court for the Southern District of Texas appointed a receiver for the International & Great Northern Railway Company. He was sued by appellees in the district court of the Fifty-Seventh judicial district of Bexar county, Tex., for damages for the death of G. B. Adkins, who was the husband of the first-named and father of the other appellees, alleged to have been caused by the negligence of the receiver and his agents. While the damage suit was pending, and before judgment was rendered in the state district court, the property of the railroad was sold under foreclosure in the receivership proceedings, and was purchased by the International-Great Northern Railroad Company. Owing to the confusing similarity of their names the second mentioned company will be hereafter referred to as the purchaser.

The laws of Texas (articles 6624, 6625, Revised Civil Statutes 1911) impose the obligation on a purchaser of a sold-out railroad to pay valid claims against the receiver for damages for death and personal injuries and create a lien on the property transferred to enforce payment. These statutes are set out in the opinion rendered in International-Great Northern Railroad Co. v. Clerk of District Court (C. C. A.) 4 F.(2d) 19, and need not be here repeated. The decree of sale in general terms obligated the purchaser to assume any liability of the receiver resulting from the Adkins suit in addition to the purchase price. The orders dealing with the receiver's sale contain the clauses usually found in railroad foreclosure decrees, retaining jurisdiction to enforce the terms of sale

and adjudicate as to further liens claimed against the property, and grant leave to any party in interest to apply to the federal court for relief in the premises. These orders are more fully referred to in the opinion in International-Great Northern Railroad Co. v. Binford (C. C. A.) 10 F.(2d) 496.

The sale was confirmed and the purchaser took title. Thereafter the receiver was discharged and instructed to move in the state court for abatement of the Adkins suit, which he did. In the meantime appellees had made the purchaser a party to the suit in the state court, on the ground that the obligation had been assumed by it, and also that it was liable under the Texas law. The purchaser also filed a plea in abatement. The state court denied the pleas in abatement, and in due course judgment was rendered against the receiver and the purchaser in the amount of $22,500. Execution was ordered to issue against the purchaser, and appellees were directed to apply to the federal court for relief against the receiver. Appeal was taken from this judgment to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, a remittitur of $500 was ordered by that court, that amount having been erroneously awarded to a son who had attained his majority, and the judgment was affirmed for $22,000. Thereafter a writ of error was denied by the Supreme Court of Texas in March, 1926.

There the matter rested until the filing of this suit in April of the same year by the purchaser and W. R. King and W. W. Collier, who were sureties on the appeal bond in the state courts. The District Court took jurisdiction of the bill, and after a hearing on the merits dismissed it for want of equity. For the opinion of the District Court, see 14 F.(2d) 149.

We have several times considered the questions of law applicable to a state of facts similar to or analogous to those above set out, and nothing new is presented for decision. Conceding that the federal court had the power to decide all questions as to which jurisdiction was reserved, the reservation was with regard to liens that might be asserted as superior to those disposed of by the foreclosure and to enforce the terms of the sale. It does not follow that that jurisdiction was exclusive in respect of the question presented in this case.

Undoubtedly appellees had the right to sue in the state court under the provisions of Judicial Code, § 66 (Comp. St. § 1048), and the judgment there obtained, on the

facts shown, was not open to review on the merits in the federal court. Had judgment been obtained by appellees prior to the sale of the property and the discharge of the receiver, it would have been an ordinary judgment, and they would have been obliged to apply to the federal court for its enforcement. No lien would have been created on the property, although, of course, if proper to do so, the federal court could have compelled its payment out of the proceeds of the property in its custody.

After the discharge of the receiver, a new situation arose in the state court, which to all intents and purposes was the same as if a new suit had been brought against the purchaser, both on its assumption of the receiver's liability and under the law of Texas. The liability of the purchaser arose after the property had passed out of the custody of the federal court, it was properly made a party to the suit, and the state court had jurisdiction over it. The judgment subsequently rendered was in personam, as well as in rem, and the state court could issue execution on the judgment.

We are not concerned with the judgment against the receiver, as he is not a party to this suit, and therefore we are not called upon to express an opinion as to the action of the state court on his plea in abatement.

Further discussion would serve no good purpose. On the authority of the following cases, to wit: International-Great Northern R. Co. v. Clerk of District Court (C. C. A.) 4 F.(2d) 19; Same v. Binford (C. C. A.) 10 F.(2d) 496; Same v. Edgeley (C. C. A.) 10 F.(2d) 501, and Same v. Texas Co. (C. C. A.) 10 F.(2d) 501—the judgment is affirmed.